# CILENTI & COOPER, PLLC
ATTORNEYS AT LAW
60 East 42nd Street – 40th Floor
New York, New York 10165
_____
Telephone (212) 209-3933
Facsimile (212) 209-7102

November 30, 2023

**BY ECF**
Hon. Dale E. Ho, D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  *Miguel Basilio Lopez v. 86th Street Wine & Spirits Corp., et al.*
> *Case No. 23-Civ-3769 (DEH)*

Dear Judge Ho,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter together with defense counsel to request the Court's approval of the settlement reached between the parties. The Settlement Agreement ("Agreement") is submitted herewith, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this dispute, which was negotiated at arm's length between experienced counsel.

### I.     *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *Sampaio v. Boulder Rock Creek Developers, Inc.,* No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

## II. The Claims and Defenses

### a. The Plaintiff

Plaintiff was a worker at a wine and liquor store owned by defendants and located on the Upper East Side, during a little more than one (1) year, ending earlier this year. He claimed that he was paid a salary of $510.00 per week (partly by check, partly by cash). He says it was always the same – and it amounted to minimum wage and overtime violations because he alleges he worked between 42 and 60 hours per week. The employer produced time and pay records and plaintiff's counsel and counsel for the employer produced competing charts which showed possible violations calculated damages.

The parties engaged in court-annexed mediation that was protracted over several sessions. The mediator spent a substantial amount of time with counsel and the parties, jointly and *ex parte*, facilitating arms-length negotiations. During mediation the parties successfully negotiated a resolution of the case.

### b. The Defendants

Defendants operate a liquor store. It is a small store. Plaintiff's counsel investigated the assets and liquidity of the store and determined that settlement was preferable to a large but potentially uncollectable judgment. To be clear, plaintiff and his counsel had legitimate concerns about the collectability of a significant judgment against the defendants. *See*, *Lliguichuzhca v. Cinema 60, LLC*, 11 Civ. 4486, p.4 (GWG), *citing Cabrera v. Roselea Int's Services*, 2011 WL 7096634 at *4 (M.D. Fla. Dec. 30, 2011).

Defendants denied the claims of Plaintiff and also asserted they have strong defenses and that a jury would ultimately find in their favor, but that continuing with this action would be economically untenable and likely deplete resources they are using to pay for the settlement. Without admitting liability or wrongdoing to plaintiff, the defendants sought to settle this case to avoid the expenses of protracted litigation.

## III. The Agreement is Fair and Reasonable

The settlement reached is twenty-five thousand dollars ($25,000) payable in six (6) installments. The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive negotiations. In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc*., No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores*, *supra*, 679 F. 2d at 1354)).

Here, this settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions and during proceeding before a court-appointed highly experienced neutral mediator. Courts typically regard the adversarial nature of a litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Arp. 13, 2013).

In light of the various disputes concerning plaintiff's claims, as well the risk of ongoing litigation, this settlement should be approved. By settling now, the parties jointly avoid the risks inherent in any trial. Based on both parties' assessment of litigation risks, which were thoroughly with their respective counsel, all parties made the decision to accept a mediator's proposal. It is respectfully submitted that, in view of all the considerations and based upon our many years of both counsel's experience in employment law, this settlement is a reasonable compromise of disputed issues under a fair interpretation of the *Cheeks* standard, and should be approved.

### IV.  *Application for Attorneys' Fees*

Attorneys' fees in FLSA settlements are examined, to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In this case, pursuant to the firm's retainer agreement with plaintiff, his counsel seeks retain one-third of the net proceeds of the settlement after expenses are deducted. Plaintiff's counsel seeks $7,960 in fees, plus $1,118 in costs.

Courts routinely hold that a contingency fee award is presumptively valid where, as here, the proposed fee amount is exactly one-third of the net settlement amount. *See Caceres v. Brentwood Farmers Market*, No. 20 Civ. 3476, 2021 U.S. Dist. LEXIS 147063, at *4-6 (E.D.N.Y. May 4, 2021); *Garcia v. Cloister Apt. Corp.*, 16 Civ. 5542, 2019 U.S. Dist. LEXIS 51887, at *9-10 (S.D.N.Y. Mar. 27, 2019). Here, plaintiff agreed to a one-third contingency retainer agreement with counsel in connection with his wage-and-hour claims. The fee is less than counsel would have billed had they been retained on an hourly basis.

Even if plaintiff's counsel's fees are cross-checked against the firm's lodestar, counsel's fee application should be granted. As set forth in the billing statement attached as Exhibit "B", plaintiff's counsel's lodestar exceeds the amount of the fee sought herein. Plaintiff's counsel's hourly rate has long been approved by Courts in this district. *See Rescalvo v. BTB Events & Celebrations Inc.*, 16 Civ. 7647 (PAE) (S.D.N.Y. Jan. 24, 2018); *Gonzalez, et al. v. Crosstown Diner Corp., et al.;* No. 16 Civ. 2544 (BCM) (S.D.N.Y. 2017); *Sierra v. Skyline Gourmet Deli*, No. 15 Civ. 3319 (SN) (S.D.N.Y. 2016); *Romero v. Lu Woodside Mini Mall, Inc.*, No. 15 Civ. 5030

(PK) (E.D.N.Y. 2016); *Catalan, et al. v. H&H Kim Corp., et al.*, No. 15 Civ. 7443 (DF) (S.D.N.Y. 2016).[1]

   For all of the reasons set forth herein, the parties respectfully request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal, which is being submitted simultaneously herewith, that expressly provides that the Court will retain jurisdiction over this matter for purposes of enforcing the Agreement.

Respectfully submitted,

**CILENTI AND COOPER, PLLC**

By: /s/ Peter Hans Cooper
Peter Hans Cooper, Esq.

**ISHIMBAYEV LAW FIRM, P.C.**

By: /s/ Mark Jones Block
Marc Jones Block, Esq.

Encl.

cc:  All parties (by ECF)

---

[1] The undersigned has been practicing law since 1996, and the firm's hourly rates have remained unchanged since its inception in 2009.