UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL BASILIO LOPEZ, et al., <br><br>                    Plaintiff(s), <br><br>v. <br><br>86TH STREET WINE & SPIRITS CORP., et al., <br><br>                    Defendant(s). | 23-CV-3769 (DEH) <br><br>**ORDER** |

DALE E. HO, United States District Judge:

On November 30, 2023, the parties filed a joint letter motion seeking approval of their settlement of Plaintiff's claims. *See* Dkt. No. 26. Plaintiff's counsel also requests approval of attorneys' fees and costs. *See id.* at 3. Attached to the letter motion are the executed settlement agreement, an invoice for legal services, and a proposed order dismissing the case.

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020); *see also Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (outlining the factors that district courts have used to determine whether a proposed settlement and award of attorneys' fees is fair and reasonable). Having reviewed the parties' settlement agreement, the Court holds that it is hereby **APPROVED** as fair and reasonable based on the nature and scope of Plaintiff's claims and the risks and expenses involved in additional litigation.

After attorney's fees and costs, Plaintiff will receive $15,922. Dkt. No. 26-1 at 3. The parties' joint letter explains that Plaintiff worked for Defendant for a little more than one (1) year and was paid a salary of $510.00 per week, regardless of time worked, in violation of minimum

wage and overtime laws.  *See* Dkt. No. 26 at 2.  The parties represent that this settlement agreement was reached as a result of extensive arm's length negotiations between experienced counsel and before a court-appointed, neutral, and highly experienced, arms-length mediator. Dkt. No. 26 at 3.  Courts typically regard the adversarial nature of a litigated FLSA case and arm's-length bargaining to be indicators of the fairness of the settlement.  *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Arp. 13, 2013); *Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165 (KMK), 2020 WL 5578357, at *2 (S.D.N.Y. Sept. 17, 2020) ("[W]hether the settlement agreement is the product of arm's-length bargaining between experienced counsel" is a significant factor in assessing the fairness of an agreement.") (quotation marks omitted).  Courts further consider "the seriousness of litigation risks faced by the parties" and "the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses."  *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quotation marks omitted).  Here, "[b]ased on both parties' assessment of litigation risks, which were thoroughly [reviewed] with their respective counsel, all parties made the decision to accept [the] mediator's proposal," in part to avoid risks inherent to trial.  Dkt. No. 26 at 3.  The Court finds no indication of fairness concerns.

It is further **ORDERED** that Plaintiff's counsel's request for attorneys' fees and costs is **GRANTED**.  Plaintiff's counsel requests $7,690 in legal fees and $1,118 in costs.  *See* Dkt. No. 26 at 3.  Plaintiff's counsel submits detailed time records documenting their work in connection with this matter.  *See generally* Dkt. No. 26-2.  They use hourly rates of $400 to calculate the lodestar amount, a figure that has been approved in similar cases.  *See Silva v. Legend Upper West LLC*, 590 F. Supp. 3d 657, 664 (S.D.N.Y. 2022) ("Courts in this district have determined that fees ranging from $250 to $450 is appropriate for experienced litigators in wage and hour

cases."), *adopted by* 2022 WL 4377896 (S.D.N.Y. Sept. 22, 2022).  Using these figures gives a lodestar amount of $17,844, which exceeds counsel's requested legal fees, making the requested fees presumptively reasonable.  *See, e.g.*, *Santos v. YMY Management Corp.*, No. 20 Civ. 1992, 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (approving fee request as reasonable where the lodestar amount exceeded the requested fees).  Counsel also provides sufficient documentation in support of its requested amount for costs.  *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) ("An award of costs normally includes those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.  The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs." (cleaned up)).

    The settlement agreement poses none of the equity concerns outlined by *Cheeks* and its progeny.  It is therefore approved as fair and reasonable.  Accordingly, any pending motions are moot.  All conferences are canceled.  The Clerk of Court is respectfully directed to close the case.

Dated:  December 4, 2023
       New York, New York

                                                   DALE E. HO
                                      United States District Judge